

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★ JAN 2 ... ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

DANIELLE BITON,

           Plaintiff,

    - against -

PRIME MINISTER OF ISRAEL; ELIZABETH
HARRIS; NANCY SUNSHINE; DISTRICT
ATTORNEY BROWN; BAA; UAL
CONTINENTAL HOLDINGS; EAST BANK;
HSBC; ATTORNEY GENERAL ERIC HOLDER;
BROOKLYN/QUEENS CONGRESSIONAL
DISTRICT; PALM BEACH; BRITAIN & US;
PIMPLETON & DEBVOISE; CHUBB;
ALLSTATE; STATE FARM; NAT'L GAS;
BRITISH GAS; NY CONGRESSIONAL DISTRICT;
MARK ALEXANDER CHAPMAN; AMEENA
MEEK; FRANK CONPART; KEVIN MCKRGAN;
JAMES HUBBARD; KEANE & MARLOW;
KATHLEEN CARLA ALEXANDER; MAIDENBAUM
& FEINBERG;AFL-CIO; ALPA; AFA; JANET
CHANG; STEVEN ECKENBERG; NYPD,

           Defendants.

-----------------------------------------------------------------x

DANIELLE BITON,

           Plaintiff,

    - against -

WASHINGTON DULLES AIRPORT AUTHORITY;
KEVIN MCKIRGAN; AMEENA MEER;
ELIZABETH HARRIS; UNITED STATES TAX
COURTS; JAMES HUBBARD; DEE DEE
HUBBARD; LISA HUBBARD; JEFF HUBBARD;
DEA; FBI; UNITED STATES ADMIRAL OF THE
UNITED STATES NAVY; NY AIR TRAFFIC
CONTROLLER; PRESIDENT OBAMA; ADMIRAL
OF THE BRITISH NAVY; NY BOARD OF
ELECTIONS; LINDSAY GRAHAM; UAL; AFA;
SENATOR OF SOUTH CAROLINA; SYLVIA
HYNDS-RADIX; UNIFIED COURTS SYSTEM OF

NOT FOR PRINT OR
ELECTRONIC PUBLICATION
**MEMORANDUM & ORDER**
12-CV-05234 (CBA) (LB)

12-CV-05331 (CBA) (LB)

1

NY; JUDGE YVONNE LEWIS; HSBC;
EASTBANK; SIDLEY AUSTIN LLP; MARIA
MELENDEZ; LLOYDS OF LONDON; MITT
ROMNEY; BAIN CAPITAL; CHICAGO
TITLE INS. CORP.; LUBAVITCH
INTERNATIONAL JEWISH ASSOCIATIONS,

                                        Defendants.

----------------------------------------------------------------x
DANIELLE BITTON, also known as
MARCELLE BITTON, also known as
MARCELLE FHIMA, also known as
CRYSTAL BITON, also known as
SAPHYRE REDFORD, also known as
KRISTY ALEXIS TIGRESS REDFORD
also known as, CHARLENE MICHELLE
BITON, also known as, MICHELLE
BITTON, also known as, DANIELLE
BITON, also known as, JACOB BITON,          12-CV-05359 (CBA) (LB)
also known as, JACOB BITTON, also
known as, JOSEPH BITTON,

                          Plaintiff,

        - against -

SIMON CHITRID; PRESIDENT OBAMA; et al.,[1]

                          Defendants.

----------------------------------------------------------------x
DANIELLE BITON,[2]

                          Plaintiff,

                                            12-CV-05426 (CBA) (LB)
        - against -

AVENTURA, FLORIDA, a municipal corporation, et al.,[3]

                          Defendants.

----------------------------------------------------------------x
AMON, Chief United States District Judge.

---

[1] Biton has named hundreds of defendants. Although each defendant is listed on the Court's docket sheet, only the initial defendants are listed here.

[2] Biton (aka Bitton) lists other plaintiffs or her aliases (it is unclear which), but since she is the sole signatory, the Court has listed her as the sole plaintiff.

[3] As in 12-CV-05359, Biton has named hundreds of defendants, but the Court lists only the initial defendants here.

Plaintiff Danielle Biton, proceeding pro se, brings these four actions against hundreds of various elected officials, banks, judges, courts, government agencies, world leaders, unions, law firms, and other entities and individuals. Biton's requests to proceed in forma pauperis are granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. Biton's complaints are consolidated for the purpose of this Order. The complaints are dismissed for the reasons stated below, and Biton is directed to show cause why she should not be enjoined from filing any new actions in the Eastern District of New York under the in forma pauperis statute without first seeking leave of the Court.

## BACKGROUND

### I.  Biton's Previous Actions

Biton has filed four previous actions in this Court, all of which made indecipherable allegations, and the third and fourth of which resulted in warnings against filing future frivolous actions. Biton's litigation history is set forth here.

In her first action, Bitton v. State of New York, 09-CV-02831 (CBA), filed on June 26, 2009, Biton was given two separate opportunities to amend her complaint. In her amended complaint, submitted September 11, 2009, Biton added nearly fifty new defendants including inter alia, Secretary of State Hilary Clinton, the Republic of China, the Internal Revenue Service, and the Securities and Exchange Commission. She did not, however, make any allegations against the old or the new defendants; the sole lucid statement was that she wanted her "rights and property to be restored before the United States Government and the British Government." On October 13, 2009, Biton submitted a Second Amended Complaint in response to this Court's September 23, 2009 Order, which afforded her the opportunity to set forth her Privacy Act claim, if any. In the Second Amended Complaint, Biton again failed to allege a basis for the exercise of

this Court's subject matter jurisdiction and the Court, interpreting the Second Amended Complaint liberally after two chances to amend, could not discern any. The Court found, moreover, the Second Amended Complaint irrational and therefore frivolous. Accordingly, after allowing Biton two opportunities to amend, neither of which resulting in any clarity as to the claims she sought to make, the Court, by Order dated November 2, 2009, dismissed the action for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, and as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Shortly thereafter, on November 20, 2009, Biton filed a second action, Biton v. Wilmer Hale Grier, 09-CV-05375 (CBA). Again, despite its best efforts, the Court could not ascertain the basis for her claim, aside from the fact that she felt wronged by the American and British judicial systems. On February 19, 2012, the Court thus dismissed the action as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

On January 27, 2010, Biton filed her third action; this time her mother, Saphyre Redford, was her co-plaintiff. Redford v. Chicago Title Ins., 10-CV-00434 (CBA) (LB). The Court, once again faced with an incomprehensible complaint, dismissed the action on March 5, 2010 as frivolous because it was delusional and completely devoid of merit. 28 U.S.C. § 1915(e)(2)(B)(i). The Court, furthermore, warned Biton that it would not tolerate frivolous litigation and that if she persisted in filing frivolous actions, the Court might enter an Order barring the acceptance of any future in forma pauperis complaints for filing without first obtaining leave of the Court to do so. 28 U.S.C. § 1651; see e.g., In re Martin-Trigona, 9 F.3d 226, 227-29 (2d Cir. 1993); Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 529 (2d Cir. 2005).

Despite the Court's warning, Biton submitted a fourth complaint on May 23, 2012. Biton v. NYCTA/MTA, 12-CV-02686 (CBA). It was, once again, indecipherable. The statement of claim included allegations such as: "The NYCTA uses the NYPD to target me & harass me & follow me wherever I go. I refuse to be greymailed and my health that I suffer from skin allergies, swelling, & sinusitis was caused by the NYCTA/MTA who committed acts of terrorism on me on 27 January 2010 by exposing me to lethal gas, as well as to toxic water . . . ." By Order dated June 19, 2012, the Court dismissed the action as frivolous and denied Biton's motion for reconsideration on July 31, 2012. Biton filed a second motion for reconsideration, which the Court dismissed by Order dated October 25, 2012. In the October 25, 2012 Order, the Court reiterated its warning that it will not tolerate plaintiff's frivolous filings, stating that "should Biton persist in filing frivolous actions, the Court may enter an order barring her from filing any future in forma pauperis complaints without first obtaining leave of the Court."

## II. The Complaints Currently Before the Court

Biton now files four new actions in which she names various leaders, entities and individuals as defendants but against whom she makes no credible allegations. The complaints reference "highjacking," "greymailing," and the stealing of her identity, and allege that she has been falsely accused of being a terrorist or of other crimes. In Case Number 12-CV-05234, her fifth action, Biton seeks to have defendant Elizabeth Harris prosecuted and, in Case Number 12-CV-05331, her sixth action, she seeks "a trial by jury to try the real terrorists" and "access to court at Guantanamo Bay, Cuba" or to Cuba itself "under my British passport and reserve my rights as British citizen not to be prosecuted by US unlawful government." Her last two actions, Case Numbers 12-CV-05359 and 12-CV-05426, name hundreds of defendants and consist of indecipherable allegations.

## DISCUSSION

### III. Dismissing the Complaint

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an in forma pauperis action where it is satisfied that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief can be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citation omitted).

In Denton v. Hernandez, 504 U.S. 25 (1992), the Supreme Court noted that

> the in forma pauperis statute, unlike Rule 12(b)(6) [of the Federal Rules of Civil Procedure], "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 32 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Id at 33.

The Court finds that the four complaints currently before the Court—12-CV-05234, 12-CV-05331, 12-CV-05359, and 12-CV-05426—are delusional and completely devoid of merit. There is nothing in the complaints that alleges a federal cause of action against these defendants. Accordingly, the Court dismissed the complaints as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

### IV. Order to Show Cause Why an Injunction Should Not Be Imposed

"The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a 'history of litigation entailing

'vexation, harassment and needless expense to [other parties]' and 'an unnecessary burden on the courts and their supporting personnel.'" Lau v. Meddaugh, 229 F.3d 121, 122 (2d Cir. 2000) (quoting In re Martin-Trigona, 737 F.2d at 1262). As part of this power, the court may enter an injunction preventing a litigant from future filing in the venue without permission from the Court where the litigant "abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive . . . proceedings." In re Martin-Trigona, 737 F.2d at 1261 (internal quotation marks and citations omitted). The court, however, "'may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard.'" Iwachiw, 396 F.3d 525, 529 (2d Cir. 2005) (quoting Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998)).

In light of Biton's litigation history, the Court thus orders Biton to show cause by affirmation why she should not be barred from filing any further in forma pauperis actions in the Federal Court for the Eastern District of New York without first obtaining permission from the Court to do so. Biton shall submit to this Court, within thirty (30) days of the date of this Order, her written affirmation setting forth good cause why this injunction should not be imposed upon her by the Court. Should she fail to submit her affirmation within the time allowed, or should her affirmation fail to set forth good cause why this injunction should not be entered, Biton shall be barred from filing any further in forma pauperis actions in this Court without first obtaining permission from this Court to do so.

## CONCLUSION

For the reasons set forth above, the complaints are dismissed. 28 U.S.C. § 1915(e)(2)(B). Biton, furthermore, is ordered to show cause, within thirty (30) days from the date of this Order, why she should not be barred from filing any new actions under the in forma pauperis statute

7

without first obtaining the Court's permission to do so. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

        SO ORDERED.

Dated: Brooklyn, New York
       December 28, 2012

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge